# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and WEIS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHNATHAN D. YELLETS**
**United States Army, Appellant**

ARMY 20121107

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Richard W. Rousseau, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Major Patrick Gordon, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Major A.G. Courie III, JA; Major Steven J. Collins, JA (on brief).

22x July 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

　　A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of rape of a child, aggravated sexual abuse of a child, aggravated sexual contact with a child, and one specification of wrongful possession of child pornography, in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 934 (2006 & Supp. V; 2012).  The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority, pursuant to a pretrial agreement, approved only so much of the sentence to confinement as provided for twelve years but otherwise approved the adjudged sentence.

---

[1] Judge Weis took final action on this case while on active duty.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.[2]

## BACKGROUND

Appellant's trial concluded on 5 December 2012. On 28 March 2013, appellant submitted a request for speedy post-trial processing. The 55-page record of trial was transcribed and provided to trial defense counsel for review on 25 June 2013, 202 days after trial. On 18 July 2013, the military judge ordered a post-trial session, which was conducted on 4 September 2013. The 6-page record of the post-trial session was transcribed and provided to defense counsel and the military judge on 5 September 2013. The military judge authenticated the record on 6 September 2013. The staff judge advocate (SJA) signed his post-trial recommendation (SJAR) over four months later on 9 January 2014.

On 7 February 2014, appellant's defense counsel submitted post-trial clemency matters in which she, *inter alia*, alleged the government had exceeded timeliness standards in the post-trial processing of appellant's case prescribed by our superior court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). In his addendum to the SJAR, dated 25 February 2014, the SJA identified the issue as one that may represent an allegation of legal error but disagreed that legal error had occurred and recommended the convening authority take no corrective action. The convening authority took action on 25 February 2014, 441 days after the trial. On 27 March 2014, 30 days after action, the record was received at this court.

## DISCUSSION

In his lone assigned error, appellant alleges:

> THE DILATORY POST-TRIAL PROCESSING OF
> APPELLANT'S CASE WARRANTS RELIEF BECAUSE
> IT TOOK 441 DAYS FROM SENTENCE TO ACTION IN
> A CASE WHERE THE RECORD OF TRIAL WAS ONLY
> SIXTY-ONE PAGES.

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 136-43. Specifically, initial action of the convening authority should be taken no later than 120 days after completion of the trial, and the record of trial should be docketed with this court

---

[2] Appellant also personally raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

within 30 days of the convening authority's action. *Id* at 142-43.[3] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays in processing. *See Moreno,* 63 M.J. at 135-36.

Here, taking 441 days to process appellant's case from trial completion to action is presumptively unreasonable. In the face of this lengthy delay, we now apply and balance the four factors set out in *Barker. Id.*

As for the first factor, length of delay from trial to action, it took 275 days to complete record transcription and authentication for a 61-page record and an additional 125 days for the SJA to sign the SJAR. These delays far exceed the timeliness standard for this respective period.

As for the second factor—reasons for the delay—we examined the explanations offered in the government brief for these delays and found them unpersuasive. *Id.* at 136; *see United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("[P]ersonnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay."). Furthermore, the 125 days to prepare and sign the SJAR is not only facially unreasonable but not satisfactorily explained or justified.

The third factor also favors appellant. Appellant requested, to no avail, speedy processing 116 days after trial. *See Moreno*, 63 M.J. at 138.

Finally, considering the fourth factor, we find appellant has not established prejudice as a result of this delay. *Id.* at 138-41. Appellant has alleged no prejudice and we find no prejudice after specifically reviewing each of the three sub-factors[4] identified in *Moreno. Id.* Nor do we find the post-trial processing was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Nonetheless, pursuant to Article 66(c), UCMJ, we have the authority to grant appropriate relief in cases where we have not found actual prejudice to appellant, but "unreasonable and unexplained post-trial delays" are present. *United States v.*

---

[3] A third standard, timeliness of appellate review within eighteen months before this court, is not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

[4] (1) Oppressive incarceration pending appeal; (2) particularized anxiety and concern; and (3) impairment of ability to present a defense at rehearing. *Moreno*, 63 M.J. at 138-41.

*Tardif*, 57 M.J. 219, 220 (C.A.A.F. 2002); *see United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

In finding the 441-day delay associated with this case to be unreasonable, we recognize the government has specifically attempted to offer an explanation for the most egregious portions of the delay. However, we ultimately find the nearly fifteen-month delay still warrants relief and will grant such relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for eleven years and eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court